**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| PLYMOUTH COUNTY RETIREMENT ASSOCIATION, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CROWDSTRIKE HOLDINGS, INC., GEORGE KURTZ, and BURT W. PODBERE, <br><br> Defendants. | Case No. 1:24-cv-00857-RP <br><br> <u>CLASS ACTION</u> |

**MEMORANDUM OF LAW BY THOMAS P. DINAPOLI, COMPTROLLER OF THE STATE OF NEW YORK, AS ADMINISTRATIVE HEAD OF THE NEW YORK STATE AND LOCAL RETIREMENT SYSTEM, AND AS TRUSTEE FOR THE NEW YORK STATE COMMON RETIREMENT FUND IN OPPOSITION TO THE COMPETING <u>MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF</u>**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................... 1

ARGUMENT ............................................................................................................. 3

      A.    NYSCRF Should Be Appointed As Lead Plaintiff.................................................. 3

            1.    NYSCRF Has The Largest Financial Interest..............................................3

            2.    NYSCRF Satisfies The Requirements Of Rule 23 ......................................5

      B.    The Presumption That NYSCRF Should Be Appointed Lead Plaintiff Cannot Be Rebutted ...................................................................................... 6

      C.    The Court Should Approve NYSCRF's Selection Of Lead Counsel ...................... 6

      D.    The Competing Motions Should Be Denied.......................................................... 7

CONCLUSION.......................................................................................................... 7

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Cassava Scis., Inc. Sec. Litig.*,
  342 F.R.D. 413 (W.D. Tex. 2022) ...........................................................................................2

*Doyle v. Reata Pharms., Inc.*,
  2022 WL 1206580 (E.D. Tex. Apr. 22, 2022) ........................................................................6

*Faris v. Longtop Fin. Techs. Ltd.*,
  2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) ...........................................................................7

*Giovagnoli v. GlobalSCAPE, Inc.*,
  2017 WL 11220692 (W.D. Tex. Nov. 6, 2017)........................................................................4

*Mullins v. AZZ, Inc.*,
  2018 WL 7504312 (N.D. Tex. Aug. 9, 2018)...........................................................................6

*Robison v. Digit. Turbine, Inc.*,
  2022 WL 17881476 (W.D. Tex. Dec. 19, 2022) .................................................................3, 4, 5

*Schneider v. Natera, Inc.*,
  2022 WL 22442715 (W.D. Tex. July 26, 2022) ...................................................................3, 6

*Strong v. AthroCare Corp.*,
  2008 WL 11334942 (W.D. Tex. Dec. 10, 2008) ..................................................................3, 5

**Statutes**

15 U.S.C. § 78u-4 *et seq.* ................................................................................................. *passim*

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730 (1995) ..................5

NYSCRF respectfully submits this memorandum of law in opposition to the competing motions for appointment as Lead Plaintiff (ECF Nos. 13, 16).[1]

## PRELIMINARY STATEMENT

NYSCRF is the presumptive Lead Plaintiff in this litigation by virtue of the over $16 million loss that it incurred on its investments in CrowdStrike stock. That loss gives NYSCRF the "largest financial interest" in this litigation, which qualifies it as the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

In addition to NYSCRF, three other Class members filed motions seeking appointment as Lead Plaintiff: Public Employees' Retirement System of Mississippi ("MissPERS") (ECF No. 16); LS Value Equity DBI and LS Value Equity Global (together, "LS Value") (ECF No. 13); and Dana F. Mason ("Mason") (ECF No. 14).[2] However, none of those movants asserts a financial interest that even approaches that of NYSCRF:



---

[1] All capitalized terms are defined in NYSCRF's initial brief, unless otherwise indicated. *See* ECF No. 18. All citations and internal quotations are omitted and all emphasis is added, unless noted.

[2] On October 1, 2024, Mason withdrew his motion. *See* ECF No. 22.

Indeed, NYSCRF's loss is ***more than four times*** greater than the loss of the next largest movant, and ***more than three-and-a-half times*** greater than the loss incurred by all competing movants combined.  In addition, NYSCRF purchased more CrowdStrike shares on both an absolute and net basis and expended greater net funds than any competing movant.  *Compare* ECF No. 18-3 *with* ECF Nos. 13-4; 15-2; 17-3.  Thus, by any relevant metric, NYSCRF has the "largest financial interest" in the relief sought by the Class.  *In re Cassava Scis., Inc. Sec. Litig.*, 342 F.R.D. 413, 416 (W.D. Tex. 2022).[3]

NYSCRF also readily satisfies the typicality and adequacy requirements of Rule 23 and is ideally suited to represent the Class.  *See* ECF No. 18 at 6-9.  As an institutional investor with experience successfully serving as a lead plaintiff under the PSLRA, NYSCRF fully understands the Lead Plaintiff's obligations to the Class and has the experience and resources to vigorously prosecute this action and supervise Lead Counsel.  *See id.* at 3, 8.

Because NYSCRF has the largest financial interest in this litigation and has made a *prima facie* showing of its typicality and adequacy, it is entitled to a strong presumption that it is the most adequate plaintiff.  Under the PSLRA, that presumption can only be rebutted "***upon proof***" that NYSCRF is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  No such "proof" exists, and there are no grounds to challenge NYSCRF's application.

Accordingly, NYSCRF should be appointed Lead Plaintiff and its motion should otherwise be granted.

---

[3] In recognition that NYSCRF has the largest financial interest of any movant and is otherwise adequate to represent the Class, Mason withdrew his motion (*see* ECF No. 22), and MissPERS and LS Value each filed a notice stating that they do not oppose the appointment of NYSCRF as Lead Plaintiff (*see* ECF Nos. 23-24).

## ARGUMENT

### A.    NYSCRF Should Be Appointed As Lead Plaintiff

The PSLRA establishes a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Strong v. AthroCare Corp.*, 2008 WL 11334942, at *4 (W.D. Tex. Dec. 10, 2008) (discussing the PSLRA's process for selecting a lead plaintiff). The movant that has the largest financial interest must only "make a preliminary showing that it has claims that are typical of those of the putative class and the capacity to provide adequate representation for those class members." *AthroCare*, 2008 WL 11334942, at *6. The process is sequential, and the Court must appoint the presumptively "most adequate plaintiff" unless a competing movant can provide "***proof***" that the movant "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Schneider v. Natera, Inc.*, 2022 WL 22442715, at *1 (W.D. Tex. July 26, 2022) (affirming that the presumption may be rebutted "only upon proof that the presumptive lead plaintiff will not fairly and adequately protect the interests of the class, or is subject to unique defenses that render such plaintiff incapable of adequately representing the class"). Here, NYSCRF is entitled to the strong presumption that it is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 1.    NYSCRF Has The Largest Financial Interest

NYSCRF has, without a doubt, the largest financial interest in the relief sought by the Class. Courts in this District have held that a movant's loss is the most important factor in determining whether the movant has the largest financial interest in the litigation. *See, e.g., Robison v. Digit. Turbine, Inc.*, 2022 WL 17881476, at *7 (W.D. Tex. Dec. 19, 2022) (prioritizing the approximate loss claimed by each movant when determining largest financial interest);

3

*Giovagnoli v. GlobalSCAPE, Inc.*, 2017 WL 11220692, at *3 (W.D. Tex. Nov. 6, 2017) ("Courts consistently consider the fourth factor—the approximate losses suffered—as most determinative to identify the plaintiff with the largest financial loss."). The "majority view" in this District is that "approximate losses should be calculated using the LIFO method." *Digit. Turbine*, 2022 WL 17881476, at *6. As demonstrated by the following chart, none of the other movants incurred a loss that even approaches that of NYSCRF:

| Movant(s) | LIFO Loss | Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|---|
| **NYSCRF** | **$16,397,226** | **139,419** | **116,214** | **$45,357,941** |
| MissPERS | $4,063,963 | 77,055 | 72,457 | $23,447,892 |
| LS Value | $272,843 | 8,400 | 0 | $272,843 |
| ~~Mason~~ | ~~$33,280~~ | ~~429~~ | ~~429~~ | ~~$130,213~~ |

As set forth in the chart above, NYSCRF also has the largest financial interest based on additional factors courts consider in assessing financial interest, having purchased more shares on both an absolute and a net basis and expended greater net funds than all competing movants combined. *See Digit. Turbine*, 2022 WL 17881476, at *4 (explaining that aside from loss suffered, courts consider "the number of shares purchased during the class period," "the number of net shares purchased during the class period," and "the total net funds expended by the plaintiffs during the class period").

As such, there can be no credible dispute that NYSCRF has "the largest financial interest in the relief sought by the class" and is entitled to be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

4

### 2.    NYSCRF Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, NYSCRF also satisfies the typicality and adequacy requirements of Rule 23.  At this stage, a movant must make only a "preliminary" showing that it satisfies Rule 23's typicality and adequacy requirements. *AthroCare*, 2008 WL 11334942, at *6.  Here, NYSCRF unquestionably satisfies both requirements.  As demonstrated in its opening brief, NYSCRF is a typical Class representative.  *See* ECF No. 18 at 6.  Like all other Class members, NYSCRF (1) purchased CrowdStrike common stock during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) was damaged by Defendants' alleged fraud.  *See, e.g.*, *Digit. Turbine*, 2022 WL 17881476, at *8 (finding the typicality requirement met where a movant's "legal claim has the same essential characteristics as those of the other proposed class members").  Thus, NYSCRF is typical of other members of the Class.

NYSCRF also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  Indeed, NYSCRF's interests are aligned with those of the other members of the Class and no facts indicate any conflict between NYSCRF and other Class members.

In addition, NYSCRF is a sophisticated institutional investor committed to achieving the best possible result for the Class and possesses the experience, resources, and capability necessary to oversee this complex litigation and its counsel.  *See* ECF No. 18 at 3, 7-9.  NYSCRF, which oversees more than $267.7 billion in assets (estimated as of June 30, 2024), is the paradigmatic Lead Plaintiff envisioned by Congress.  *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by

improving the quality of representation in securities class actions"); *see also Doyle v. Reata Pharms., Inc.*, 2022 WL 1206580, at *9 (E.D. Tex. Apr. 22, 2022) (recognizing that an institutional investor is "the PSLRA's preferred-type of lead plaintiff").

NYSCRF has further demonstrated its adequacy through its selection of Bernstein Litowitz—a law firm with significant experience prosecuting securities class actions and managing complex litigation effectively—to serve as Lead Counsel for the Class. *See* ECF No. 18 at 9-10; *Natera*, 2022 WL 22442715, at *3 (finding a presumptive lead plaintiff "well suited to adequately represent the purported class because it has a significant financial interest in the litigation, has retained competent counsel and as an institutional investor, it is accustomed to acting in the role of a fiduciary, and its experience with investing and financial matters will only benefit the class").

Accordingly, NYSCRF has made the requisite preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

## B. The Presumption That NYSCRF Should Be Appointed Lead Plaintiff Cannot Be Rebutted

To overcome the presumption entitling NYSCRF to appointment as Lead Plaintiff, the PSLRA requires the other movants to present "***proof***" that NYSCRF is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Mullins v. AZZ, Inc.*, 2018 WL 7504312, at *2 (N.D. Tex. Aug. 9, 2018) ("[E]xacting proof is needed to rebut the presumption, for [c]onclusory assertions and mere speculation will not suffice."). No such proof exists here.

## C. The Court Should Approve NYSCRF's Selection Of Lead Counsel

The Court should also approve NYSCRF's selection of Bernstein Litowitz as Lead Counsel. The PSLRA vests authority in the Lead Plaintiff to select and retain counsel to represent the Class, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). NYSCRF has selected Bernstein Litowitz as proposed Lead Counsel for the Class. Bernstein Litowitz is among the

6

preeminent securities class action law firms in the country and has recovered over $40 billion for investors in securities class actions and obtained groundbreaking corporate governance reforms. *See* ECF No. 18-5. Bernstein Litowitz has a long history of successfully litigating securities class actions on behalf of injured investors, and has achieved several recoveries in cases that were litigated in courts within this Circuit, including this Court. *See* ECF No. 18 at 10. Accordingly, the Court should approve NYSCRF's selection of Bernstein Litowitz as Lead Counsel for the Class.

### D.    The Competing Motions Should Be Denied

Because NYSCRF has met all of the requirements for appointment as Lead Plaintiff, the Court need not consider the competing motions. *See Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011) ("[T]he inquiry can stop here, now that the Court has determined [which movant] has the largest financial interest and is otherwise typical and adequate.").

### CONCLUSION

For the reasons discussed above and in its opening brief, NYSCRF respectfully requests that the Court: (1) appoint it to serve as Lead Plaintiff; (2) approve its selection of Bernstein Litowitz as Lead Counsel for the Class; (3) deny the competing motions for appointment as Lead Plaintiff; and (4) grant any other relief that the Court may deem just and proper.

Dated: October 15, 2024                    Respectfully submitted,

                                           **MARTIN & DROUGHT, P.C.**

                                           */s/ Gerald T. Drought*
                                           Gerald T. Drought
                                           State Bar No. 06134800
                                           Federal Bar No. 8942
                                           Frank B. Burney
                                           State Bar No. 03438100

7

Weston Centre
112 E. Pecan Street, Suite 1616
San Antonio, Texas 78205
Telephone: (210) 227-7591
Facsimile: (210) 227-7924
gdrought@mdtlaw.com
fburney@mdtlaw.com

*Liaison Counsel for Proposed Lead Plaintiff
Thomas P. DiNapoli, Comptroller of the State of
New York, as Administrative Head of the New York
State and Local Retirement System, and as Trustee
of the New York State Common Retirement Fund*


**BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP**

Hannah Ross
Avi Josefson
Scott R. Foglietta
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Thomas P.
DiNapoli, Comptroller of the State of New York, as
Administrative Head of the New York State and
Local Retirement System, and as Trustee of the New
York State Common Retirement Fund*

8

## CERTIFICATE OF SERVICE

I certify that on October 15, 2024, a true and correct copy of the foregoing document was filed with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

*/s/ Gerald T. Drought*
Gerald T. Drought