IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PLYMOUTH COUNTY RETIREMENT ASSOCIATION, et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:24-CV-857-RP |
| CROWDSTRIKE HOLDINGS, INC., | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is the Motion of Thomas P. DiNapoli, Comptroller of the State of New York, as Administrative Head of the New York State and Local Retirement System, and as Trustee of the New York State Common Retirement Fund ("NYSCRF") for appointment as Lead Plaintiff and approval of its selection of Lead Counsel. (Dkt. 18). Also before the Court is the Public Employees Retirement System of Mississippi's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel, (Dkt. 16), LS Value Equity DBI and LS Value Equity Global's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel, (Dkt. 13), and both parties' subsequent filings noting their agreement that NYSCRF has asserted the largest financial interest in the relief sought as would support its appointment as Lead Plaintiff, (Dkts. 23, 24).

The Private Securities Litigation Reform Act of 1995 ("PSLRA") establishes a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Strong v. AthroCare Corp.*, 2008 WL 11334942, at *4 (W.D. Tex. Dec. 10, 2008) (discussing the PSLRA's process for selecting a lead plaintiff). The movant that has the largest financial interest must only "make a preliminary showing that it has claims that are typical of those

1

of the putative class and the capacity to provide adequate representation for those class members." *AthroCare*, 2008 WL 11334942, at *6. Having reviewed the parties' submissions, the Court finds that NYSCRF has asserted the largest financial interest in the relief sought by the class and has made a *prima facie* showing that it otherwise satisfies the requirements of Rule 23. The other Plaintiffs do not provide evidence disputing NYSCRF's calculations of its financial interest. (Dkts. 23, 24). Finally, the Court finds that Bernstein Litowitz is an appropriate lead counsel for the instant litigation and that NYSCRF's selection of Bernstein Litowitz should be approved.

Accordingly, **IT IS ORDERED** that NYSCRF's Motion, (Dkt. 18), is **GRANTED**. NYSCRF is **APPOINTED** to serve as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995, in the above-captioned securities class action and all related actions consolidated pursuant to this Order.

**IT IS FURTHER ORDERED** that NYSCRF's selection of Lead Counsel is **APPROVED**, and Bernstein Litowitz Berger & Grossmann LLP is **APPOINTED** as Lead Counsel for the Class.

**IT IS FINALLY ORDERED** that in accordance with Rule 42(a) of the Federal Rules of Civil Procedure, any pending, previously or subsequently filed, removed, or transferred actions that are related to the claims asserted in the above-captioned action are **CONSOLIDATED** for all purposes. This action shall be captioned *In re CrowdStrike Holdings, Inc. Securities Litigation*, and the file shall be maintained under Master File No. 1:24-cv-00857-RP.

**IT IS FURTHER ORDERED** that The Public Employees Retirement System of Mississippi's Motion, (Dkt. 16), and LS Value Equity DBI and LS Value Equity Global's Motion, (Dkt. 13), are **DENIED**.

**SIGNED** on October 29, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE