**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| *IN RE CROWDSTRIKE HOLDINGS, INC.*<br>*SECURITIES LITIGATION* | Civil Action No. 1:24-cv-00857-RP |

**REPLY TO LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR**
**JUDICIAL NOTICE OR INCORPORATION BY REFERENCE**

Mark C. Holscher, P.C. (*pro hac vice*)
Austin Norris, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Email:  mark.holscher@kirkland.com
        austin.norris@kirkland.com

Sandra C. Goldstein, P.C. (*pro hac vice*)
Kevin M. Neylan, Jr. (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4779
Email:  sandra.goldstein@kirkland.com
        kevin.neylan@kirkland.com

Steven J. Wingard (State Bar No. 00788694)
Santosh Aravind (State Bar No. 24095052)
Robert "Robby" Earle (State Bar No. 24124566)
SCOTT DOUGLASS & McCONNICO LLP
303 Colorado Street, Suite 2400
Austin, TX  78701
Telephone: (512) 495 6300
Email:  swingard@scottdoug.com
        saravind@scottdoug.com
        rearle@scottdoug.com

*Counsel for Defendants*

**TABLE OF CONTENTS**

INTRODUCTION ..............................................................................................................................1

ARGUMENT....................................................................................................................................2

I.      PLAINTIFF'S SUPPLEMENTAL MERITS ARGUMENTS ARE IMPROPER. .............2

II.     DEFENDANTS' EXHIBITS ARE PROPERLY BEFORE THE COURT. .......................4

         A.      Twenty-Two of the Exhibits Are Incorporated by Reference. ...............................7

         B.      SEC Filings and Earnings Call Transcripts Are Subject to Judicial Notice. ...........7

         C.      Government Websites and Reports Are Subject to Judicial Notice. ......................8

         D.      CrowdStrike's Website Is Subject to Judicial Notice.............................................8

CONCLUSION.................................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alaska Elec. Pension Fund v. Asar*,
768 F. App'x 175 (5th Cir. 2019) ..............................................................................................1

*In re Apple Inc. Sec. Litig.*,
678 F. Supp. 3d 1447 (N.D. Cal. 2023) ..................................................................................2, 9

*In re Capstead Mortg. Corp. Sec. Litig.*,
258 F. Supp. 2d 533 (N.D. Tex. 2003) ......................................................................................6

*Cicalese v. Univ. of Texas Med. Branch*,
456 F. Supp. 3d 859 (S.D. Tex. 2020) ......................................................................................8

*City of Miami Gen. Emps. & Sanitation Emps. Ret. Tr. v. RH, Inc.*,
302 F. Supp. 3d 1028 (N.D. Cal. 2018) ....................................................................................3

*Columbare v. Sw. Airlines, Co.*,
2023 WL 406439 (N.D. Tex. Jan. 10, 2023) .....................................................................2, 8, 9

*Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*,
53 F. Supp. 3d 882 (E.D. La. 2014) ......................................................................................4, 7

*Found. to Support Animal Prot. v. Vital Farms, Inc.*,
2023 WL 3446200 (E.D. Va. Apr. 3, 2023) ..............................................................................2

*Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*,
920 F.3d 890 (5th Cir. 2019) ............................................................................................1, 4, 7

*Ironshore Eur. DAC v. Schiff Hardin, LLP*,
2018 WL 4183245 (E.D. Tex. Jan. 30, 2018) ...........................................................................3

*Johnson v. Callanen*,
610 F. Supp. 3d 907 (W.D. Tex. 2022) ............................................................................2, 5, 8

*JSW Steel (USE) Inc. v. Nucor Corp.*,
586 F. Supp. 3d 585 (S.D. Tex. 2022) ......................................................................................8

*Kellam v. Servs.*
560 F. App'x 360 (5th Cir. 2014) ..............................................................................................2

*Kellam v. Servs.*
2013 WL 12093753 (N.D. Tex. May 31, 2013) ........................................................................2

ii

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) ................................................................................5, 6

*Linenweber v. Sw. Airlines Co.*,
    693 F. Supp. 3d 661 (N.D. Tex. 2023) ...................................................................6, 7

*Martinez v. Comm'r of Soc. Sec.*,
    2022 WL 17097752 (W.D. Tex. Nov. 21, 2022) .........................................................3

*MicroCapital Fund LP v. Conn's Inc.*,
    2019 WL 3451153 (S.D. Tex. July 24, 2019)............................................................2, 4

*Mun. Emps.' Ret. System of Mich. v. Pier 1 Imports, Inc.*,
    935 F.3d 424 (5th Cir. 2019) ..................................................................................9

*Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*,
    575 U.S. 175 (2015)........................................................................................5, 6, 7

*In re Plains All Am. Pipeline, L.P. Sec. Litig.*,
    307 F. Supp. 3d 583 (S.D. Tex. 2018) .................................................................2, 6, 7

*Reed v. LKQ Corp.*,
    436 F. Supp. 3d 892 (N.D. Tex. 2020) ...................................................................8, 9

*In re SolarWinds Corp. Sec. Litig.*,
    595 F. Supp. 3d 573 (W.D. Tex. 2022)......................................................................6

*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
    551 U.S. 308 (2007)...............................................................................................1

*Terrebonne v. Blackburn*,
    646 F.2d 997 (5th Cir. 1981) ...................................................................................8

*Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*,
    325 F. Supp. 3d 728 (N.D. Tex. 2018) ......................................................................8

*United States v. $48,880, More or Less, in U.S. Currency*,
    2018 WL 1404408 (W.D. Tex. Mar. 20, 2018) (Pitman, J.).......................................3

*In re Violin Memory Sec. Litig.*,
    2014 WL 5525946 (N.D. Cal. Oct. 31, 2014)...........................................................3

Defendants respectfully submit this reply to Lead Plaintiff's Opposition to Defendants' Request for Judicial Notice ("RJN") or Incorporation-By-Reference. (*See* ECF No. 49.)

**INTRODUCTION**

Plaintiff's 19-page supplemental brief is an exercise in misdirection. While the brief is styled as an opposition to Defendants' "Request for Judicial Notice," it contains extensive legal argument that supplements arguments in plaintiff's 35-page opposition to the motion to dismiss. Notwithstanding the parties' stipulation to a 35-page limit for their motion to dismiss briefs (ECF No. 44), several pages of plaintiff's supplemental brief include additional substantive legal arguments. Plaintiff's merits arguments belong in its merits brief. Defendants will abide by the Court-ordered page limits and will not rebut plaintiff's merits arguments here.

As to the Defendants' request for judicial notice, 22 of the 28 exhibits filed with Defendants' motion are explicitly incorporated by reference in the Complaint, and plaintiff concedes that 19 of them contain alleged misstatements. There is no credible dispute that the Court should consider these documents. (*See* MTD Br. 4 & n.2); *see also Alaska Elec. Pension Fund v. Asar*, 768 F. App'x 175, 180 (5th Cir. 2019) ("[C]ourts ***must*** consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference." (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007))); *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) ("When a defendant attaches documents to its motion that are referenced in the complaint and are central to the plaintiff's claims . . . the court can also properly consider those documents.").

1

Moreover, the remaining documents addressed in plaintiff's supplemental brief[1] are matters of public record that are routinely subject to judicial notice in securities cases. *See, e.g., In re Plains All Am. Pipeline, L.P. Sec. Litig.*, 307 F. Supp. 3d 583, 613 (S.D. Tex. 2018) (court may take judicial notice of SEC filings); *MicroCapital Fund LP v. Conn's Inc.*, 2019 WL 3451153, at *4 n.6 (S.D. Tex. July 24, 2019) (court may take judicial notice of SEC filings and earnings call transcripts); *Johnson v. Callanen*, 610 F. Supp. 3d 907, 910 n.3 (W.D. Tex. 2022) (court may take judicial notice of government websites); *Columbare v. Sw. Airlines, Co.*, 2023 WL 406439, at *4 (N.D. Tex. Jan. 10, 2023) (court may take judicial notice of company defendant's website). Attached as Appendix A to this brief is a chart listing each document and the basis for its incorporation by reference or judicial notice.

Plaintiff spends pages arguing that those documents do not support Defendants' motion to dismiss. But that is irrelevant to whether they are incorporated into the Complaint or properly subject to judicial notice. As explained below, the Court should find Defendants' exhibits are incorporated by reference and/or take judicial notice of them.

**ARGUMENT**

## I.     PLAINTIFF'S SUPPLEMENTAL MERITS ARGUMENTS ARE IMPROPER.

District courts around the country have uniformly held that judicial notice briefing "is not the appropriate place to make legal argument other than in favor of [or in opposition to] notice of the fact asserted." *Found. to Support Animal Prot. v. Vital Farms, Inc.*, 2023 WL 3446200, at *3 (E.D. Va. Apr. 3, 2023); *see also In re Apple Inc. Sec. Litig.*, 678 F. Supp. 3d 1447, 1152-53 (N.D.

---

[1] Plaintiff does not address Exhibits Z or BB in the supplemental brief, and therefore waives any objection to the Court considering them. *See Kellam v. Servs.*, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013) (failure to address an argument results in waiver), *aff'd*, 560 F. App'x 360 (5th Cir. 2014). The Court should consider these exhibits for the additional reasons discussed in this Reply brief.

Cal. 2023) (arguments "directed at defendants' interpretations of the facts in these documents" are "not relevant to whether the documents are judicially noticeable"); *City of Miami Gen. Emps. & Sanitation Emps. Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 n.1 (N.D. Cal. 2018) ("[S]uch argument belongs in plaintiffs' opposition to defendants' motion to dismiss and thus does not persuade on the question of . . . judicial notice" (citation omitted)); *In re Violin Memory Sec. Litig.*, 2014 WL 5525946, at *17 n.8 (N.D. Cal. Oct. 31, 2014) (striking "substantive argument[s]" made in "a brief purporting to address only whether the [c]ourt should take judicial notice of certain documents"). Plaintiff's supplemental brief runs afoul of this prohibition.

Moreover, this Court accepted the parties' stipulation and set a 35-page limit for plaintiff's opposition. (ECF No. 45.) "District courts have 'broad discretion' to manage their dockets." *Ironshore Eur. DAC v. Schiff Hardin, LLP*, 2018 WL 4183245, at *1 (E.D. Tex. Jan. 30, 2018) (striking reply brief that exceeded page limits). "Such discretion includes the authority to set page limits on matters submitted to the Court and to strike materials that violate these page limits." *Id.*; *see Martinez v. Comm'r of Soc. Sec.*, 2022 WL 17097752, at *1 (W.D. Tex. Nov. 21, 2022). This Court has instructed that "[w]hen a party feels it necessary to file a brief that exceeds [the page limit], the party should request permission from the Court." *United States v. $48,880, More or Less, in U.S. Currency*, 2018 WL 1404408, at *1 n.1 (W.D. Tex. Mar. 20, 2018) (Pitman, J.).

Plaintiff's supplemental brief violates the Court's order. Without seeking the Court's permission, plaintiff filed a 19-page supplemental brief with extensive merits arguments. (*See, e.g.*, Supp. Br. 6-9, 11, 13-18.) In many instances, plaintiff's opposition to the motion to dismiss and supplemental brief repeat the same legal arguments. (*Compare, e.g.*, Supp. Br. 13-14 (disputing CrowdStrike's argument that its 10-K disclosures about "real time" prevention capabilities foreclose plaintiff's allegation that CrowdStrike misled investors regarding "phased

3

rollouts"), *with, e.g.*, MTD Opp. 23-24 ("[N]othing about [CrowdStrike's] stated commitment to 'real-time' protection . . . informed investors that, in delivering 'real-time' updates, CrowdStrike shirked the industry-standard practice of phased rollouts.").)

These merits arguments belong in plaintiff's opposition; they are not relevant to judicial notice or incorporation by reference.  The Court should not consider this irrelevant legal argument.

## II.    DEFENDANTS' EXHIBITS ARE PROPERLY BEFORE THE COURT.

The portions of the supplemental brief that address judicial notice are also meritless.  All the exhibits are properly before the Court because they are either incorporated by reference, subject to judicial notice, or both.  Uniform Fifth Circuit precedent holds that this Court should consider them in connection with Defendants' motion to dismiss.

As a threshold matter, plaintiff incorrectly claims that Defendants "did not sufficiently state the basis for" judicial notice and incorporation-by-reference and that Defendants relegated their request for judicial notice to a footnote.  (Supp. Br. 1, 5.)  Those assertions are wrong.  For example, Defendants' motion to dismiss brief specifically argued, on two separate occasions that plaintiff ignores (MTD Br. 3, 8), that "[t]he Court may take judicial notice of SEC filings and earnings call transcripts."  (MTD Br. 3 (citing *MicroCapital Fund*, 2019 WL 3451153, at *4 n.6); *id.* 8 (citing *Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*, 53 F. Supp. 3d 882, 902 (E.D. La. 2014)).)  Plaintiff also ignores Defendants' explanation that, with respect to the Root Cause Analysis and Post Incident Review, "[t]he Court may consider these documents now" under the judicial notice and incorporation-by-reference doctrines because plaintiff relied on them in the Complaint.  (MTD Br. 8 (citing *Inclusive Cmtys. Project*, 920 F.3d at 900).)  Likewise, plaintiff ignores Defendants' specific argument that "[t]he Court may take judicial notice of the fact that CrowdStrike's Falcon platform is listed on FedRAMP's marketplace

4

as 'FedRAMP Authorized,' . . . and on the DoD Cyber Exchange as 'Authorized.'"  (MTD Br. 22 (citing *Johnson*, 610 F. Supp. 3d at 910 n.3).)

Plaintiff also incorrectly asserts that any time Defendants argue that plaintiff has misinterpreted the challenged statements by taking them out of context or otherwise distorting them, Defendants raise a "factual dispute" that the Court cannot resolve on a motion to dismiss. (*See, e.g.*, Supp. Br. 13, 15.)  That argument is also wrong.  As Defendants explained at length in their motion to dismiss briefing (*see* MTD Br. 3, 8; MTD Reply Br. 1-3, 5-6), the Court not only can—but *must*—review CrowdStrike's statements independently and objectively, from "the perspective of a reasonable investor" who understands "the statement[s] fairly and in context." *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 186, 194 (2015).  Importantly, the Supreme Court has held that "an investor reads each statement within [ ] a document, whether of fact or opinion, in light of all its surrounding text, including hedges, disclaimers, and apparently conflicting information." *Id.* at 190.

This inquiry mandated by the Supreme Court on the pleadings does not raise factual disputes.  Rather, it provides the context plaintiff omitted from the Complaint that must be considered on Defendants' motion to dismiss.  The lead case plaintiff relies on in its supplemental brief, *Khoja v. Orexigen Therapeutics, Inc.*, recognizes this principle requiring the Court's consideration of all the documents.  Plaintiff's brief omits the actual holding of *Khoja*, which directly contradicts plaintiff's summary of *Khoja*.  There, the Ninth Circuit held that "[t]he [incorporation-by-reference] doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims."  899 F.3d 988, 1002 (9th Cir. 2018).  *Khoja* then found that a blog post, market reports, a newspaper article, a web article, and SEC filings were incorporated by

reference because plaintiff's complaint relied on and derived statements from them. *Id.* at 1004-07. That is precisely how Defendants use the exhibits cited in the motion to dismiss: for 26 of the 28 documents, Defendants do not cite them for the truth of their contents, but to establish the full scope of what CrowdStrike actually said to investors, in order to establish that the challenged statements were "neither false nor misleading when considered in the context from which [p]laintiff[] removed them." *Linenweber v. Sw. Airlines Co.*, 693 F. Supp. 3d 661, 680-81 (N.D. Tex. 2023).[2]

After mischaracterizing *Khoja*, plaintiff then misconstrues this Court's finding in *SolarWinds* that it would not take judicial notice of documents "that compete with [p]laintiffs' allegations." *In re SolarWinds Corp. Sec. Litig.*, 595 F. Supp. 3d 573, 578 n.1 (W.D. Tex. 2022). Plaintiff misinterprets *SolarWinds*, which explained that a plaintiff is entitled to an assumption of truth with respect to well-pled ***factual*** allegations. *Id.* at 580. That principle is inapposite here. Under the securities laws, a plaintiff's interpretation of a defendant's statements is not a factual allegation that is entitled to a presumption of truth. The Supreme Court made this clear in *Omnicare*: "[W]hether a statement is 'misleading' depends on the perspective of a reasonable investor: The inquiry . . . is objective." 575 U.S. at 186-87. Indeed, "[p]leadings which distort a company's actual public statements cannot support a claim for securities fraud." *In re Capstead Mortg. Corp. Sec. Litig.*, 258 F. Supp. 2d 533, 563 (N.D. Tex. 2003). That is why so many courts

---

[2] The exception is Defendants' citation of the Root Cause Analysis and Post Incident Review to establish that Rapid Response Content updates are not software updates, and that the July 19 incident was not triggered by the release of a software update. (MTD Br. 4-5, 8, 16-17.) Those documents are cited for their truth, but that is proper because they are incorporated by reference in the Complaint, and a plaintiff's allegations are not entitled to an assumption of truth if they contradict facts that are incorporated by reference in the complaint. *See, e.g.*, *Plains All Am. Pipeline*, 307 F. Supp. 3d at 598. But to be clear, as CrowdStrike has explained, nothing in the motion to dismiss turns on the distinction between software and content.

have granted motions to dismiss where plaintiffs cherry-picked defendants' statements, took them out of context, and interpreted them in ways no reasonable investor would have understood. (*See, e.g.*, MTD Reply Br. 1-3, 5-6 (collecting cases).) That is what plaintiff has done here.

### A.   Twenty-Two of the Exhibits Are Incorporated by Reference.

As Defendants' motion to dismiss explained, documents "that are referenced in the complaint and are central to the plaintiff's claims" are properly considered on a motion to dismiss. (*See* MTD Br. 8 (citing *Inclusive Cmtys. Project*, 920 F.3d at 900).) This is especially critical in securities cases, because the Court must consider the full context of "statements for which [p]laintiffs claim that Defendants are liable." *Linenweber*, 693 F. Supp. 3d at 680-81; *see also Omnicare*, 575 U.S. at 194. Plaintiff does not dispute that 22 of the 28 exhibits are explicitly incorporated by reference in the Complaint. Further, plaintiff asserts that 19 of them contain misleading statements. (Supp. Br. 12-19.)[3] As is set forth in Appendix A attached to this brief, all these exhibits are incorporated into the Complaint and are properly before the Court.

### B.   SEC Filings and Earnings Call Transcripts Are Subject to Judicial Notice.

Ten of the exhibits are SEC filings and earnings or other investor call transcripts that are subject to judicial notice (Exs. C, F, G, J, N, R, T, U, V, AA). Courts routinely take judicial notice of such documents in securities cases. *See Plains All Am. Pipeline*, 307 F. Supp. 3d at 613 ("In securities cases, courts may take judicial notice of the contents of public disclosure documents that the law requires be filed with government agencies, such as the SEC, and that are actually filed with the agency."); *Bulmahn*, 53 F. Supp. 3d at 901 ("[N]umerous district courts have taken judicial notice of earnings call transcripts when the parties did not dispute the accuracy of their contents."). After initially arguing that the Court should not judicially notice or incorporate by

---

[3] *See* Exs. C, F, G, I-K, N-S, T-Y, AA.

reference *any* of Defendants' exhibits, plaintiff appears to concede that these documents can be considered for the statements therein.  (*See* Supp. Br. 12.)

### C.    Government Websites and Reports Are Subject to Judicial Notice.

Four of the exhibits are excerpts from official government websites (FedRAMP and DoD) (Exs. D, E, Z) and a government report from National Institute of Standards and Technology (NIST) (Exhibit Y).  Government websites are properly subject to judicial notice.  *Johnson*, 610 F. Supp. 3d at 910 n.3 ("The Court may take judicial notice of governmental websites."); *Cicalese v. Univ. of Texas Med. Branch*, 456 F. Supp. 3d 859, 871 (S.D. Tex. 2020) ("[G]overnmental websites are proper sources for judicial notice.").  So are government reports.  *See JSW Steel (USE) Inc. v. Nucor Corp.*, 586 F. Supp. 3d 585, 591 n.1 (S.D. Tex. 2022) (courts can "take judicial notice of agency records and reports" (quoting *Terrebonne v. Blackburn*, 646 F.2d 997, 1000 (5th Cir. 1981))).  Plaintiff argues that Exhibits D and E do not support Defendants' motion, but plaintiff does not dispute their accuracy or that they are drawn from government websites.  (Supp. Br. 6-7.)  The documents are subject to judicial notice under Fifth Circuit law.

### D.    CrowdStrike's Website Is Subject to Judicial Notice.

Seven of the exhibits are articles and a data sheet pulled from CrowdStrike's website (Exs. B, H, I, L, M, S, W).  Plaintiff ignores that courts in the Fifth Circuit have repeatedly "taken judicial notice of publicly available information on a company's official website."  *Columbare*, 2023 WL 406439, at *4 (citing cases); *Reed v. LKQ Corp.*, 436 F. Supp. 3d 892, 901 n.7 (N.D. Tex. 2020) ("Pursuant to Federal Rule of Evidence 201(b), the court takes judicial notice of this information from LKQ's company website."); *Town of Davie Police Pension Plan v. Pier 1 Imports, Inc.*, 325 F. Supp. 3d 728, 746 n.3 (N.D. Tex. 2018) (taking judicial notice of advertisements on the defendants' website "because the website is a source whose accuracy cannot be (and has not been) reasonably questioned"), *aff'd sub. nom.*, *Mun. Emps.' Ret. System of Mich.*

*v. Pier 1 Imports, Inc.*, 935 F.3d 424 (5th Cir. 2019).  Again, plaintiff does not dispute the accuracy of these documents or that they are publicly available on the Company's official website.  Instead, plaintiff asserts that, per plaintiff's characterization of the documents, they do not support Defendants' motion to dismiss.  (Supp. Br. 7-8.)  But "[s]uch arguments are not relevant to whether the documents are judicially noticeable." *Apple Inc. Sec. Litig.*, 678 F. Supp. 3d at 1152-53.

*Columbare*, *Reed*, and *Pier 1 Imports* have held that these documents from CrowdStrike's website are subject to judicial notice.  Plaintiff's brief omits any mention of this authority.

### CONCLUSION

The Court should not consider the improper legal argument in plaintiff's supplemental brief and should grant Defendants' request to incorporate by reference or take judicial notice.

Dated: July 3, 2025

Respectfully submitted,

Mark C. Holscher, P.C. (*pro hac vice*)
Austin Norris, P.C. (*pro hac vice*)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
Facsimile: (310) 552-5900
Email:  mark.holscher@kirkland.com
         austin.norris@kirkland.com

Sandra C. Goldstein, P.C. (*pro hac vice*)
Kevin M. Neylan, Jr. (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4779
Facsimile: (212) 446-4900
Email:  sandra.goldstein@kirkland.com
         kevin.neylan@kirkland.com

Steven J. Wingard (State Bar No. 00788694)

9

Santosh Aravind (State Bar No. 24095052)
Robert "Robby" Earle (State Bar No. 24124566)
SCOTT DOUGLASS & McCONNICO LLP
303 Colorado Street, Suite 2400
Austin, TX  78701
Telephone: (512) 495 6300
Facsimile: (512) 495 6399
Email:  swingard@scottdoug.com
         saravind@scottdoug.com
         rearle@scottdoug.com

*Counsel for Defendants*

10

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on July 3, 2025 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

_____

Mark C. Holscher, P.C.